IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR436 |
| | ) | |
| v. | ) | ORDER ON SENTENCE REDUCTION |
| | ) | UNDER 18 U.S.C. § 3582(c)(2) |
| CLINTON L. MCGHEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for a sentence reduction under Amendment 706 to the United States Sentencing Guidelines, U.S.S.G. § 2D1.1 (2008). *See* 18 U.S.C. § 3582(c)(2). Both defendant and the government have filed briefs on their respective positions. On review of the record, the court finds the defendant's sentence should be reduced by 12 months.

On November 1, 2007, amendments to U.S.S.G. § 2D1.1 lowered sentences for crack cocaine offenses by two levels. *See* U.S.S.G. app. C, amend. 706 (2007). The amendment can be retroactively applied. *See* U.S.S.G. app. C, supp., amend. 713 (2007); 18 U.S.C. § 3582(c)(2). Further, the Sentencing Guidelines are now advisory. *United States v. Booker*, 543 U.S. 220 (2005). The crack/powder amendments to the Guidelines have no effect on a statutory minimum sentence. *United States v. Spears*, 533 F.3d 715, 718 (8th Cir. 2008) (Murphy, J., concurring).

Pursuant to guilty plea, Clinton McGhee was sentenced to 132 months' imprisonment on a charge of possession with intent to distribute more than 50 grams of cocaine base (Count I) and 60 consecutive months' imprisonment on a charge of possession of a weapon in furtherance of a drug-trafficking offense (Count II). Filing No.

58, Amended Judgment. The court imposed a sentence outside the Guidelines, based in part on defendant's cooperation. *See* Filing No. 57, Sentencing Memorandum at 14, 17. The sentence was affirmed on appeal. Filing No. 70, United States Court of Appeals for the Eighth Circuit Opinion at 2-3; *United States v. McGhee*, 512 F.3d 1050, 1052 (8th Cir. 2008).

The parties agree that the defendant's previous Guidelines sentence was properly computed at base offense level 33 and criminal history category IV or V. Filing No. 77, Government's brief at 2; Filing No. 80, Defendant's brief at 3-4. In its previous sentencing order, the court considered the factors enumerated in 18 U.S.C. § 3553(a) and noted that a cooperating defendant ordinarily gets a sentence reduction of up to fifty-percent from the Guidelines sentencing range. Filing No. 57, Sentencing Memorandum at 17 (sealed). Application of a similar proportionate reduction to the defendant's recalculated base offense level of 31 under the retroactive amendment, at either criminal history level IV or V, would result in a sentence lower than the statutory minimum. Accordingly, the court finds that the defendant's sentence on Count I should be reduced to the statutory minimum sentence of 120 months. Defendant's consecutive sentence of 60 months on Count II is not affected.

IT IS ORDERED:

1. The defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 132 months on Count I is reduced to 120 months.

2. Except as provided above, all provisions of the amended judgment dated December 1, 2006 (Filing No. 58) shall remain in effect.

DATED this 19th day of January, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge